IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE EDWARD BARKER §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§<br>§<br>NATHANIEL QUARTERMAN, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | NO. 3-06-CV-0591-D |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Wayne Edward Barker, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of arson. Punishment was assessed at 18 years confinement and a $2,500 fine. His conviction and sentence were affirmed on direct appeal. *Barker v. State*, No. 05-03-01495-CR, 2004 WL 2404540 (Tex. App.--Dallas, Oct. 28, 2004, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Barker*, No. 63,046-01 (Tex. Crim. App. Feb. 22, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises three broad issues in multiple grounds for relief. Succinctly stated, petitioner contends that: (1) he received ineffective assistance of counsel; (2) the trial court violated

his right to compulsory process by not allowing the discovery of impeachment evidence; and (3) the prosecutor withheld evidence favorable to the defense.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter*

---

[1] Petitioner raised additional claims in his original writ filed on April 3, 2006. However, after respondent filed an answer, petitioner sought leave to amend his pleadings in order to clarify the nature of his claims. In granting the motion for leave to amend, the court advised petitioner, consistent with Fed. R. Civ. P. 15(a), that his "amended pleadings shall supersede any prior pleadings filed by petitioner in this case." Order, 2/21/07. *See also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading."). The court therefore considers only those claims raised by petitioner in his amended application for writ of habeas corpus and supporting brief filed on February 21, 2007.

*v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Although his ineffective assistance of counsel claim is difficult to decipher, petitioner appears to argue that his attorney: (1) provided the prosecutor with a confidential photograph showing Debra Barker, petitioner's wife and a key prosecution witness, using illegal drugs, which should have been used for defense purposes only; (2) failed to seek a continuance to obtain Debra's testimony from a prior trial; (3) did not use the photograph or other evidence of Debra's illegal drug use to discredit her testimony; and (4) failed to file certain pretrial motions, obtain timely rulings from the court, and follow proper legal procedures. Respondent counters that the first two claims are procedurally barred from federal habeas review[2] and that the other claims are without merit.

---

[2] Respondent also argues that petitioner's first two ineffective assistance of counsel claims, which were raised for the first time in his amended application for writ of habeas corpus, are barred by the AEDPA statute of limitations. (*See* Resp. Amend. Ans. at 4-6). The court need not decide the limitations issue as these claims are procedurally barred from federal habeas review in any event.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Under Texas law, a prisoner is barred from filing a second or successive application for post-conviction relief if the grounds contained therein could have been, but were not, raised in an earlier application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[3] This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Although petitioner raised three ineffective assistance of counsel claims in his state writ, he did not seek post-conviction relief on the grounds that his attorney turned over a confidential photograph to the prosecutor and failed to seek a continuance to obtain Debra's testimony from a

---

[3] The statute provides, in relevant part, that:

> (a)   If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)   by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

prior trial. (*See* St. Hab. Tr. at 7, 9, 13-14, 18).[4] No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07. Consequently, federal habeas relief is not proper with respect to those claims. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Hughes v. Dretke*, 412 F.3d 582, 595 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1347 (2006) (same).

2.

Petitioner further contends that his attorney: (1) failed to impeach Debra with the photograph and other evidence of her illegal drug use; and (2) did not file certain pretrial motions, obtain timely rulings from the court, or follow proper legal procedures. These claims are sufficiently exhausted and will be considered on the merits.

a.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct.

---

[4] In his state writ, petitioner does mention that a confidential photograph given to defense counsel was "viewed by the prosecutor and judge outside the presence of defendant." (*See* St. Hab. Tr. at 17). However, that allegation is not related to any claim of ineffective assistance of counsel. Rather, petitioner argued that the prosecutor and the trial judge discussed the photograph outside of his presence, thereby depriving him of a fair and impartial trial. (*Id.*).

838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

b.

Petitioner was charged with damaging and destroying a vehicle owned by his mother-in-law, Joyce Mayberry, by starting a fire and causing an explosion. (*See* St. App. Tr. at 2). At the time of the fire, petitioner was under a protective order to stay away from Mayberry. (SF-III at 13, 77, 82). Despite that order, Mayberry and her daughter, Debra Barker, who was married to petitioner but lived with her mother, observed petitioner on the sidewalk across the street from their home several times throughout the day on January 31, 2003. (*Id.* at 16, 79-83). A neighbor, Ellious Woodwards, testified that he saw petitioner near the Mayberry house three different times that day. (*Id.* at 45). One time, petitioner was wearing gloves and carrying a plastic oil bottle with a rag on top of it. (*Id.* at 48). Petitioner remarked to Woodwards, "If I was you I wouldn't hang around the Mayberrys' today." (*Id.* at 47). At about 3:00 a.m. on February 1, 2003, Debra, who was watching petitioner through a window, saw him walk behind Mayberry's car and bend down "like he was tying a shoe." (*Id.* at 85). When Mayberry came out of the house to investigate, her car burst into flames. (*Id.* at 86). Because the water hose had been cut, Debra and Mayberry used buckets and pans to extinguish the fire. (*Id.* at 20, 87). A bottle and a burnt rag were recovered from underneath the car. (*Id.* at 88). Robert Baker, an arson investigator with the Dallas Fire Department, described the bottle as a "Molotov cocktail," a prohibited weapon used to start fires. (*Id.* at 113).

The gravamen of petitioner's ineffective assistance of counsel claim is that his attorney failed to impeach Debra with a photograph showing her using illegal drugs and testimony from a prior trial

wherein she admitted to illegal drug use.[5] This claim fails for two reasons. First, petitioner has failed to produce the photograph or the contents of Debra's prior testimony. Without such evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Moreover, even if counsel was ineffective for failing to impeach Debra with the photograph and her prior testimony, petitioner has not shown that the outcome of his trial would have been any different. Debra's testimony was essentially corroborated by her mother, Joyce Mayberry, and their neighbor, Ellious Woodwards. The testimony of these other witnesses was more than sufficient to support petitioner's conviction, notwithstanding counsel's alleged failure to impeach Debra with evidence of her prior drug use.

Nor was counsel ineffective for failing to file certain pretrial motions, to obtain timely rulings from the court, and to follow proper legal procedures. Petitioner does not identify the motions that should have been filed, the court rulings that were not made, or the legal procedures that were not followed. His conclusory assertions do not merit habeas relief. *See Hereford v. Cockrell*, No. 3:03-CV-566-M, 2003 WL 21999497 at *7 (N.D. Tex. Aug. 21, 2003), *rec. adopted*, 2003 WL 22387573 (N.D. Tex. Oct. 16, 2003) (citing cases) (petitioner must show how alleged errors and omissions were constitutionally deficient).

## C.

In his next ground for relief, petitioner contends that the trial court violated his right to compulsory process by not allowing the discovery of impeachment evidence. At issue is the trial court's refusal to allow discovery of Debra Barker's prior testimony admitting to illegal drug use, which petitioner believes could have been used to impeach her testimony in the arson case. In order

---

[5] Although it is not entirely clear from the record, it appears that petitioner was previously charged with assaulting either Debra or Mayberry. According to petitioner, he was acquitted of that charge due to credibility issues surrounding Debra's testimony. (*See* Pet. Am. Hab. Br. at 11).

to establish a violation of his Sixth Amendment right to compulsory process, petitioner must show more than the mere absence of favorable witnesses or evidence. Rather, "a petitioner 'must at least make some plausible showing of how the absent witness's testimony would have been both material and favorable to his defense.'" *Janecka v. Cockrell*, 301 F.3d 316, 326 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003), *quoting United States v. Valenzuela-Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). Here, the court has already determined that petitioner was not prejudiced by counsel's failure to impeach Debra with evidence of her illegal drug use. This ruling also applies to the trial court's failure to allow discovery of such evidence. Thus, even if the trial judge violated petitioner's right to compulsory process, the court cannot say that this constitutional error "had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.*, *quoting Brecht v. Abrahamson*, 507 U.S. 619, 637-39, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993) (noting that compulsory process violations are subject to harmless error review).

D.

Finally, petitioner accuses the prosecutor of withholding the photograph and other evidence of Debra's illegal drug use, as well as affidavits of non-prosecution signed by Debra and Mayberry in a prior case.

1.

The prosecution has a duty to disclose all evidence favorable to the defense. See *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963); *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by the prosecutor was favorable to him and material to either guilt or punishment. *Edmond*, 8 F.3d at 293; *United States v. Jackson*, 978 F.2d 903, 912  (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability

that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

2.

The court initially observes that all the evidence allegedly withheld by the prosecutor--the photograph showing Debra using illegal drugs, testimony from a prior trial wherein Debra admitted to illegal drug use, and two affidavits of non-prosecution in another case--were known to petitioner and equally available to his attorney. For that reason alone, his *Brady* claim fails. *See Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir.), *cert. denied*, 123 S.Ct. 14 (2002) (citing cases) (no *Brady* violation where evidence is known to both the prosecution and the defense). Moreover, as previously discussed, the photograph and other evidence of Debra's illegal drug use were not "material" in a *Brady*-sense. Likewise, the affidavits of non-prosecution were signed by Debra and Mayberry in November 1999--more than three years *before* petitioner was charged with arson. (*See* St. Hab. Tr. at 20). Thus, these affidavits were wholly irrelevant to petitioner's defense and likely would have been excluded from evidence. Because none of this evidence was material, petitioner has not established a *Brady* violation.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE